IN THE MATTER OF THE APPLICATION OF GARRET W. RYCK-MAN TO BE DISCHARGED FROM IMPRISONMENT FOR NONPAYMENT OF ALIMONY.

*Arrest for a failure to pay alimony — when the debtor will be discharged when unable to make the payments—when he will not be allowed to apply his earnings to the support of another woman.*

APPEAL from an order discharging the petitioner and respondent from imprisonment.

The defendant was arrested by virtue of a warrant of attachment issued against him, founded upon an order declaring him guilty of contempt, in failing to pay alimony, pursuant to a decree of separation entered by consent in an action in which his wife Kate T. Ryckman was plaintiff, and which sum so due amounted to nearly $2,000.

The defendant made application for his discharge under section 2286 of the Code, upon the ground that he had not the means wherewith to pay the alimony, and substantially alleging abject poverty. His statement in this regard was corroborated to some extent at least by the affidavits of Messrs Rushmore and Hobbs.

The court at General Term said: " It appeared that he had been

in jail from the twenty-first of April, and the learned justice sitting in the court below, who heard and disposed of the application, said in his opinion and very properly, that if his discharge was to depend upon the payment of the alimony then due he would apparently have to stay in jail for the rest of his life. He further said that the continued imprisonment of the petitioner could be of no possible benefit to any one, and should not be prolonged indefinitely merely for the sake of punishing him. He therefore regarded it as his duty to order his discharge without prejudice however to the right of the plaintiff in the action to institute proceedings for his re-arrest if at any time it could be shown that he was able to pay any of the alimony which he was bound by law to discharge.

"The answer to the application was that he was living with a person by whom he had illegitimate children, and was spending his earnings for the support of these persons to the detriment of his wife and in disregard of the obligations imposed by the decree. There is no reason however to believe from the record that he had any property, and his imprisonment deprived him necessarily of all opportunity to earn anything for the support of himself or others. If by his earnings he was supporting the persons alleged to have been taken care of by him, his imprisonment, as suggested by the learned justice in the court below, could result in no possible benefit to any person and should not be continued.

"The provisions allowing an application for process directing the re-arrest of the defendant, perhaps, under the circumstances was not broad enough. It should have provided for his re-arrest not only if it could be shown that he was able to pay any portion of the alimony, but likewise if he re-established his relations with the person with whom he was alleged to have been living and was apparently supporting.

"His first duty in the appropriation of his surplus earnings must be to pay the alimony under the decree, and the failure to perform that ceremony, when he has means so to do in whole or in part, should subject him to the process of the court."

*John Henry Hull*, for Kate T. Ryckman, appellant..

*C. E. Rushmore*, for the respondent.

Opinion by Brady, J.; Davis, P. J., and Daniels, J., concurred.

Order modified as directed in opinion and affirmed as modified, without costs.